(56 Misc. Rep. 554.)

ROSENSTEIN v. DEFFAA.

(Supreme Court, Appellate Term. November 29, 1907.)

LANDLORD AND TENANT—DEFECTIVE CONDITION OF PREMISES—PERSONAL INJURIES—ACTIONS—EVIDENCE.

In an action for injuries to a tenant's daughter, caused by the defective condition of the leased premises, evidence examined, and *held* insufficient to show defendant's ownership or control of the premises leased, or responsibility for defect causing the injury.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Bernhard Rosenstein against Louis P. Deffaa. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Frank V. Johnson (Harry S. Austin, of counsel), for appellant.
Moss & Feiner, for respondent.

PER CURIAM. Plaintiff's daughter was injured by putting her foot through a grating within the stoop line of premises owned in part by defendant, and the lower part of which premises was leased to plaintiff. The grating was defective, owing to the absence of one bar. Defendant claims that the grating was within the premises leased to plaintiff, and that plaintiff allowed a peanut dealer to use it by opening it to put his things in the cellar and by piling various articles on it. The plaintiff denies this. The defendant claims he never had notice of the defective condition of the grating, which he could not see by reason of its being covered with boxes belonging to the peanut dealer. Plaintiff claims that the defect has lasted a long time, and that defendant frequently passed by the grating and came to the house to collect the rents, and had either actual or constructive notice of the defect.

The jury found for the plaintiff. The defendant's usual motion to set aside the verdict and for a new trial was denied. Subsequently the defendant made a motion to set aside the verdict and for a new trial on evidence tending to show perjury on the part of plaintiff committed upon the trial. This motion was also denied. From the judgment, and from the order denying the latter motion, defendant appeals.

On the question of ownership or control of the premises by defendant the evidence is defective, and cannot be said to be sufficient to support the judgment, even assuming that other elements necessary to constitute the cause of action alleged are established. It appears that defendant collected the rents of the premises, that he was the executor of his father's will, that the premises belonged to his father at the time of the latter's death, and that there are seven children left surviving the father. Defendant testifies that he was not the sole owner, and that he was one of the trustees of his father's estate. Furthermore, the evidence tends strongly to show that the grate in question was used by a subtenant of the plaintiff, who may or may not have been responsible for its defective condition. Again, from the evidence it may be said that plaintiff, being the tenant of the premises, was charged with the duty of making repairs to the grate.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.